Priority
Send ✓
Enter
Closed
JS-5/JS-6
JS-2/JS-3
Scan Only

FILED
FEB 21 2002
CLERK, U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION AT SANTA ANA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | SA CR 01-99 AHS |
|         Plaintiff, ) | |
| v. ) | **ORDER DENYING DEFENDANT'S MOTION TO SUPPRESS** |
| JOSE ALONSO ROBLES, JR. ) | |
|         Defendant. ) | |



ENTER ON ICMS
MAR 2 2002

## I.

### PROCEDURAL HISTORY

On September 19, 2001, defendant Jose Alonso Robles, Jr. ("defendant") filed a motion to suppress pre-trial statements obtained in violation of his Fourth, Fifth, and Six Amendment rights. On November 26, 2001, the government filed opposition, to which defendant filed his reply on January 10, 2002. On January 14, 2002, the Court received the testimony of witnesses, heard the arguments of counsel, and ordered the government to lodge video and audiotapes of defendant's interviews. The government was given permission to make corrections and revisions

to the transcripts already before the Court. If corrected versions were filed and served, defendant was granted leave to respond thereto. On January 16, 2002, the government lodged the video and audiotapes, at which time the motion was deemed submitted. On January 22, 2002, the government filed revised transcripts of defendant's interviews. No objection to the authenticity of the video and audiotapes or revised transcripts was filed.

## II.

### DISCUSSION AND FINDINGS

The evidence consists of the testimony received at the hearing, the audiotape of the May 4, 2001 interview with defendant at his place of employment ("pre-arrest interview"), the audiotape and videotape of the May 4, 2001 interview with defendant at the Orange County Jail ("OCJ") ("post-arrest interview"), the declaration of Officer Craig Johnson ("Johnson") dated November 26, 2001, and the revised transcripts of defendant's interviews. Having read and considered the foregoing, and based on the thorough briefs filed by the parties, the Court denies defendant's motion to suppress.

A.  **Coercion of Pre-Arrest Statements**

Officer Johnson's encouragement to defendant to tell the truth did not amount to coercion. The interviewing officers did not make any specific promises in return for defendant's cooperation. See United States v. Guerrero, 847 F.2d 1363, 1366 (promises made by law enforcement personnel must be sufficiently compelling to overbear a defendant's will given the totality of the circumstances). Defendant's pre-arrest statements made at

his place of employment were not coerced and defendant's will was not overborne. The Court finds, therefore, that defendant's statements were voluntary. See Colorado v. Connelly, 479 U.S. 157, 164-65 (1986).

**B.      Pre-Arrest Custodial Status**

Defendant's custodial status is dependent upon the totality of the circumstances at his place of employment. The inquiry is whether a reasonable person in defendant's position would believe that he was not permitted to leave the interview. See United States v. Gregory, 891 F.2d 732, 735 (1989). Given the physical surroundings of the interview at an auto dealership where defendant was employed, in a room with windows in the doors, the apparent proximity of other employees and customers (the auto dealership's voluble paging system being broadcast into the interview room can be heard on the tape), the presence of defendant's father (although not at the time of questioning), and the absence of coercion, the Court concludes that defendant was not in custody at the dealership prior to his arrest and therefore an advisement under Miranda v. Arizona, 384 U.S. 436 (1966) was not required.

**C.      Coercion of Post-Arrest Statements**

Officer Johnson's social discussions with defendant do not qualify as coercive inducements. See Guererro, 847 F.2d at 1366. Defendant's post-arrest statements made at the OCJ were not coerced and defendant's will was not overborne. Moreover, defendant was given his Miranda rights when the OCJ interview commenced. The Court finds that all statements made thereafter were voluntary. See Schneckloth v. Bustamonte, 412 U.S. 218, 226

3

(1973).

**D.     Post-Arrest Custodial Status**

Defendant was administered his <u>Miranda</u> rights at the commencement of the OCJ interview, which rights he waived implicitly by his agreement to continue speaking with the investigating officers. See <u>United State v. Duque</u>, 62 F.3d 1146, 1151-52 (9th Cir. 1995). Defendant did not invoke his <u>Miranda</u> rights at any time during the 40-minute interview. Defendant spoke freely, eagerly at times, and plainly wished to cooperate with the officers. Defendant does not contend that he suffered from reduced intellectual capacity, failed to understand his rights, or was subjected to coercive tactics that impaired his ability to assert them. See <u>United States v. Kelley</u>, 953 F.2d 562, 565 (1992). The Court finds that defendant knowingly, intelligently, and voluntarily waived his <u>Miranda</u> rights while arrested and in custody at the OCJ.

**E.     Seizure of Evidence at Defendant's Home**

The video and audiotapes demonstrate that the officers sought defendant's oral and written consent to a search. The defendant does not argue that the investigating officers asserted a right to search defendant's home at defendant's place of employment or at the OCJ. Defendant is not entitled to an advisement that search consent is not obligatory. See <u>Schneckloth</u>, 412 U.S. at 227. The Court concludes that the seizure of evidence at defendant's home was lawful.

<u>Bumper v. North Carolina</u>, 391 U.S. 543, 550 (1968), is distinguishable because the defendant here explicitly consented to the search, directing the investigating officers to the

4

material in question.

### III.

### CONCLUSION

Accordingly, and based on the foregoing findings and reasons, the Court denies defendant's motion to suppress his statements as well as evidence seized from his residence.

IT IS SO ORDERED.

IT IS FURTHER ORDERED that the Clerk shall serve a copy of this Order on all counsel in this action.

Dated: February 21, 2002.

_____
ALICEMARIE H. STOTLER
UNITED STATES DISTRICT JUDGE

I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY
FIRST CLASS MAIL, POSTAGE PREPAID, TO ALL COUNSEL
(OR PARTIES) AT THEIR RESPECTIVE MOST RECENT ADDRESS OF
RECORD IN THIS ACTION ON THIS DATE.
DATED: 2-22-02

_____
DEPUTY CLERK